# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | EDCV 20-859-GW-SHKx | Date | August 5, 2022 |
|---|---|---|---|
| Title | *Richard Shane v. Newell Brands, Inc., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:    IN CHAMBERS - RULING ON DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND NONTAXABLE EXPENSES [130]**

Attached hereto is the Court's Ruling on Defendants' Motion [130]. The Court GRANTS the Motion awarding Defendants attorney's fees of $459,712.50.

Initials of Preparer    JG

_**Richard Shane v. Newell Brands & Graco**_; Case No. 5:20-cv-00859-GW-(SHKx)
Ruling on Defendants' Motion for Attorney's Fees and Nontaxable Costs

## I.  Background

Plaintiff Richard Shane brought this patent infringement action against Defendants Newell Brands, Inc. and Graco Children's Products, Inc. (collectively "Defendants" or "Graco") for allegedly infringing two patents describing inventions that assist in assuaging distressed infants. _See_ Complaint ("Compl.") ¶¶ 10-19, ECF No. 1.  The Court previously addressed competing motions for summary judgment on infringement/noninfringement and _Daubert_ motions.  The Court granted Defendants' motion for summary judgment of noninfringement.  _See_ ECF No. 119.[1]

Before the Court is Defendants' Motion for Attorney's Fees and Nontaxable Expenses ("Motion" or "Mot.").  _See_ ECF No. 130.  Plaintiff has filed an Opposition ("Opp."), ECF No. 141, and Defendants have provided a Reply ("Reply"), ECF No. 142.

## II.  Legal Standard

In patent suits, Section 285 provides that "[t]he court in exceptional cases may award attorney's fees to the prevailing party."  35 U.S.C. § 285.  By its terms, the statute sets out two requirements: the party must have prevailed in the action and the case must have been an exceptional one.

Whether a litigant is a prevailing party in a patent action is a question of Federal Circuit law.  _SSL Servs., LLC v. Citrix Sys., Inc._, 769 F.3d 1073, 1086 (Fed. Cir. 2014) ("In a patent case, Federal Circuit law governs the determination of which party has prevailed.").  To be the "prevailing party," the Federal Circuit requires: (1) that the party receive at least some relief on the merits, and (2) that relief must materially alter the legal relationship between the parties by modifying one party's behavior in a way that directly benefits the opposing party.  _Id._

Attorney's fees may be awarded only in "exceptional cases."  35 U.S.C. § 285.  An "exceptional case" is:

> [O]ne that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated.

---

[1] For more information on the background of this case, the patents involved, and the accused products, see this Court's Final Order on the Cross Motions for Summary Judgment.  ECF No. 119.  The Court incorporates the background information from that order here.

1

*Octane Fitness, LLC v. ICON Health & Fitness Inc.*, 572 U.S. 545, 554 (2014).  Whether a case is "exceptional" is determined by district courts on a case-by-case basis in an exercise of their discretion, "considering the totality of the circumstances." *Id.*  "There is no precise rule or formula for making these determinations, but instead equitable discretion should be exercised in light of the considerations [identified above]." *Id.* (quotations omitted) (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994)).  A case may be exceptional when it involves willful infringement, bad faith, litigation misconduct, or unprofessional behavior.  *See nCube Corp. v. Sea Change Int'l, Inc.*, 436 F.3d 1317, 1319 (Fed. Cir. 2006)).

## III.  Discussion

### A.  Whether Newell Brands Is a Prevailing Party

At summary judgment, the Court granted Defendants' Motion for Summary Judgment, finding that there was no infringement by Defendants of any claims asserted by Plaintiff.  *See* ECF Nos. 119, 121.  Thus, because Defendants was granted complete relief on the merits, there is no question that Defendants were the prevailing party.

### B.  Whether This Is an Exceptional Case

In their Motion, Defendants detail Plaintiff's allegedly improper conduct that occurred repeatedly throughout this matter.  *See* Mot. at 6-10.  Defendants contend that from the beginning of the case, and throughout it, Plaintiff's infringement claims have been weak and flawed.  Mot. at 12.  Specifically, Defendants argue that this case is exceptional because Plaintiff has proceeded with this matter despite being continually informed of the flaws in his infringement theories and the details as to why they were without merit.  Despite warnings that his claims were baseless, Plaintiff continued to pursue them.  While Plaintiff brought this case against Defendants, he seemed entirely uninterested in actually participating in litigation.  Plaintiff missed various deadlines, was unresponsive to Defendants' correspondence, failed to timely produce documents or other requests, presented unprepared witnesses for deposition, made late changes in expert opinions, and amended infringement theories without properly amending Infringement Contentions.  In light of all of the allegedly improper conduct, Defendants argue that this case is particularly exceptional for purposes of awarding attorney's fees in a patent matter.

To begin, Defendants point to Plaintiff's main theory of infringement in this case.  Defendants state that one must simply look at the orientation of the infant in the Accused Products to know that it was not possible for the Accused to be adjusted to a point in which the infant's feet

were below its head, *i.e.* mainly vertical, as Plaintiff claimed as the basis for infringement. *See* ECF No. 119 at 6. Plaintiff was, therefore, repeatedly put on notice that his infringement theory was flawed. *Phigenix, Inc. v. Genentech, Inc.*, No. 15-cv-01238-BLF, 2018 WL 3845998, at *5-6 (N.D. Cal. 2015 Aug. 13, 2018) (granting fees, in part, where plaintiff was informed about the weakness in its case prior to filing suit and throughout litigation). Further, Plaintiff's claim charts failed to offer a reasonable basis to support his infringement theory. In response, Plaintiff ignored the feedback and pointed to a warning label to support his theory of infringement. The warning label, however, provided no information regarding the orientation of the Accused Products, which further demonstrated Plaintiff's lack of reasonableness.

While Plaintiff may have been more reasonable in advancing his theory of infringement in the beginning, any reasonable basis for his theory became untenable after this Court's Claim Construction Order. *See* ECF No. 49 at 5-10. In that Order, the Court construed the disputed claim language such that the Accused Products could *not* satisfy the claim language limitation. *Id.* This was further affirmed in his Court's ruling on Summary Judgment. *See* ECF No. 119 at 5. Despite these rulings, Plaintiff continued to proceed forward with this case,[2] all the way through to the summary judgment stage. Defendants argue that Plaintiff's continuation to summary judgment was solely a "last-ditch attempt to postpone defeat and force [Defendants] to unnecessarily incur another year of fees and expenses in defending its case." Mot. at 17 (citing to *Phigenix, Inc.*, 2018 WL 3845998, at *7.

Second, Defendants argue that Plaintiff litigated this case in a manner that was unreasonable and unnecessary. Specifically, Defendants point to the fact that Plaintiff repeatedly missed deadlines, was unresponsive, failed to timely produce documents, misrepresented compliance with subpoenas, failed to prepare witnesses for deposition, and made last minute changes to expert reports and infringement theories. Mot. at 16. This Court has previously found that a party's unreasonable conduct can cause a case to be deemed exceptional. See *Homeland Housewares, LLC v. Sorensen Rsch. & Dev. Tr.*, No. CV 11-3720-GW(JEMx), 2013 WL 12138581, at *6 (C.D. Cal. May 20, 2013) ("Litigation misconduct and unprofessional behavior

---

[2] In fact, rather that attempt to apply the Court's claim construction ruling, Plaintiff changed his infringement theory by trying to broaden the Court's construction, which brought new issues, like reading on prior art and, therefore, invalidating the Asserted Patents. *See* ECF Nos. 95 at 2; 119 at 4. The Court dismissed this new attempt at a broadened construction on grounds that it was inconsistent with this Court's ruling and the overall claim language. *See* ECF No. 119 at 6.

are relevant to the award of attorney fees, and may suffice, by themselves, to make a case exceptional.") (quoting *Epcon Gas Sys., Inc. v. Bauer Compressors, Inc.*, 279 F.3d 1022, 1034 (Fed. Cir. 2002)).  Defendants argue that Plaintiff was informed that his claim lacked merit as of the Final Claim Construction Order in this case, yet he refused to dismiss his claims while also refusing to participate in litigating the case properly and fully.   For example, Plaintiff had to be compelled twice to provide adequate discovery requests, *see* ECF Nos. 52, 53, 57, and missed deadlines to respond to Requests for Admissions by 46 days and to serve responses to Interrogatories by almost three weeks.  *See* ECF Nos. 61, 64.  The Court has been concerned about Plaintiff counsel's conduct during discovery, as Plaintiff's behavior has caused Defendants to incur unnecessary expenses to seek the appropriate responses to discovery by seeking the Court's aid. ECF No. 69 at 11-12.  Plaintiff also changed his damages theories last minute.  *See* 135, Ex. M.[3]

Plaintiff responds to the above by asserting that he alleged his claim of infringement against Defendants on a good faith basis.[4]  Plaintiff states that his infringement theory was not merely based on a warning label.  Opp. at 12.  Rather, the theory was also based on Defendants' User Manual, which demonstrates that the Accused Products retain the "infant in an adjustable position that includes a position where the infants head is substantially below its head."  ECF No. 1-5 at 5. Plaintiff also cites to "neutral expert Dr. Ullman" who disagreed with the statement that the Accused Products were incapable of being adjusted to a position in which the infant's feet were substantially below its head.  ECF. No. 78-6 at 10-12, 20, 26-27.

Plaintiff further argues that Defendants' reliance on *Phigenix, Inc.* is improper.  2018 WL 3845998.  Specifically, Plaintiff distinguishes *Phigenix* because he asserts that the Court only characterized the strength of Plaintiff's claims during Claim Construction, and Plaintiff never brought a Rule 11 motion.  ECF No. 49 ("Defendants' conclusory arguments do not come close to meeting this standard.").  Further, Plaintiff argues that while the Court disagreed with Plaintiff's interpretation, the Court never stated that the Asserted Patents and the Accused Products were

---

[3] Defendants also assert that Plaintiff's counsel failed to provide Defendants with the rebuttal damages expert report to Plaintiff's expert, Mr. Voth, until January 24, 2022.  Thus, Mr. Voth completely changed his damages theory far too close to the date of his deposition, which caused Defendants' counsel to spend more time to prepare for the deposition.

[4] The Court notes that, at oral argument, Plaintiff's counsel provided a variety of explanations for Plaintiff's misfeasance/nonfeasance during this litigation.  For example, counsel referenced personal issues (such as a death in his family), failure to receive certain electronic communications from Defendants, and personnel turnover at counsel's firm.  However, these arguments were not included in Plaintiff's briefing on this matter.  *See generally* Opp.  Thus, Defendants had no opportunity to respond.

"very different," as the Court did in *Segan*.[5]  *Segan LLC v. Zynga Inc.*, 131 F. Supp. 3d 956 (N.D. Cal. 2015).   In response to Defendants arguing that Plaintiff's continued pursuit of this litigation was an attempt to avoid defeat, Plaintiff states that he merely sought to explore the meaning of a "mainly vertical orientation," as adopted by the Court.  ECF No. 49 at 8.  While the Court did not agree with Plaintiff's construction, Plaintiff contends that the Court did not make a determination that the argument was improper or unsupported.  Ultimately, Plaintiff argues that the Court has not admonished Plaintiff in a way that suggests that this case is exceptional under 35 U.S.C. § 285.

Finally, Plaintiff argues that the disposition at summary judgment alone does not make this case exceptional.   *SmartMetric, Inc. v. MasterCard Int'l*, 2015 U.S. Dist. LEXIS 181646, at *9-10 (C.D. Cal. Mar. 25, 2015) ("[M]erely losing at summary judgment is not a basis for an exceptional case finding"); *Envoys LLC v. AT&T Mobility LLC*, 2016 U.S. Dist. LEXIS 87814, *40-42 (C.D. Cal. Feb. 16, 2016); *Chung v. Vaporous Techs., LLC*, 2018 U.S. Dist. LEXIS 138264, *8 (C.D. Cal. Aug. 14, 2018).   Thus, Plaintiff states that Defendants have not demonstrated that either bad faith misconduct or gross disparity in the merits of the litigation warrants designating this as an exceptional case.

Considering the totality of the circumstances of this case, the Court agrees with Defendants. Not only did Plaintiff continue to assert fundamentally weak positions from the beginning of the lawsuit, but he did so even after the Court's Final Claim Construction Order, which was almost fatal to his positions.  Further, contrary to Plaintiff's assertion, Defendants' assertion that this case is exceptional is not simply based on the Plaintiff's loss at summary judgment.  Rather, Defendants have provided plenty of examples of vexatious conduct that caused harm to Defendants.[6] Specifically, Defendants provided the following examples in support of their assertion that Plaintiff engaged in misconduct: failure to timely respond to Defendants' requests for admission; failure to timely respond to Defendants' interrogatories; failure to timely remedy deficient responses to Defendants' interrogatories; failure to provide any verified interrogatory responses;

---

[5] Plaintiff further argues that the court made statements in *Segan* that were much more indicative of it being an extraordinary case than the Court did here.   For example, Plaintiff cited to the following: "Segan might as well have argued that the sky is the ground.  Even in the world of patent law, where lawyers and experts often take great liberties with words, this proposed construction of 'access' stands out as exceptional."  *Segan*, 131 F. Supp. 3d at 961.

[6] The Court has previously sanctioned Plaintiff failing to timely respond to Defendants' request for admissions and repeatedly causing Defendants to expend unnecessary resources.  *See* ECF No. 93.  The Court granted Defendants' request for reimbursement of expenses related to seeking responses to their request for admissions.  *Id.*

failure to prepare witnesses for deposition; late change in damages theories the night before the damages expert's deposition; and repeated unresponsiveness to Defendants' communications.  For these reasons, the Court finds that this is an exception case under § 285.

      C.  <u>Whether the Requested Attorney's Fees and Costs Are Reasonable</u>

      Defendants request $581,580.00 for the entire litigation through the Court's entry of Final Judgment, or in the alternative, $459,712.50 for fees incurred from the Court's May 14, 2021 Final Claim Construction Order through the Court's entry of Final Judgment.   *See* ECF No 130-2, Declaration of Robert J. Leonard ("Leonard Decl."), ¶¶ 18-21.   This fee amount is broken down as follows:

| Fee Category | Fees | Total Hours |
|---|---|---|
| **Pre-Claim Construction Order** | $121, 867.50 | 305.3 |
| **Post-Claim Construction Order** | $482,139.50 | 1,178.2 |
| **Sanctions Award (ECF No. 93)** | ($22,427.00) | 1,483.5 |
| **Requested Fees** | $581,580.00 | - |

      The vast majority of the attorney time is accounted for by Mr. Robert Leonard, the Senior Associate on the case.  The Court finds that this is reasonable in light of market practice.  Further, the Court restates its previous finding that the rates charged by counsel for Defendants are reasonable in light of the median rates for similarly experienced intellectual property attorneys. *See* ECF No. 93 at 2-3; ECF No. 103.  Thus, the Court finds that the rates charged by Defendants are in line with the market and, thus, reasonable.  *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010) ("Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits.").  The Court is satisfied by the Defendants' explanation of their counsel and staff experience and related rates, which are consistent with other rates found to be reasonable in this district.

      The fees requested are also reasonable with respect to work performed, as they cover the fees incurred through entry of final judgment in this matter.  They exclude, therefore, a number of substantive matters, like the fees related to the motion for sanctions, the fees related to the preparation of this motion, the local counsel's fees, and other unclear or potentially privileged work.

      Given the above, the Court finds that granting the requested fee of $459,712.50 from the Court's May 14, 2021 Final Claim Construction Order through the Court's entry of Final Judgment

to be appropriate.  As noted *supra*, there is no evidence that the Plaintiff's initiation of the litigation was without foundation and/or in bad faith.  However, Plaintiff's litigation actions following the Court's claims construction ruling and its discovery misfeasance/nonfeasance do warrant some recovery of attorney's fees.

Defendants also request nontaxable costs of $80,394.83 for the expert witness expenses which Defendants incurred during this litigation.  The Court does *not* grant said request. Defendants cite to cases such as *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 921 (Fed. Cir. 2012) for the proposition an award of expert fees is appropriate where plaintiff filed a frivolous action and continued to pursue it with no basis for asserting infringement.  *See* Mot. at 25, ECF No. 130-1.  However, as observed *supra*, there is insufficient evidence that Plaintiff initiated this lawsuit without foundation and/or in bad faith.  Further, Defendants' have not shown that they would not have to have incurred expert fees up to the point of the claims construction ruling and prior to Plaintiff's misfeasance/nonfeasance during the discovery thereafter.

## IV.  Conclusion

Based on the foregoing discussion, the Court **GRANTS** the motion awarding Defendants attorney's fees of $459,712.50.